## Dunshee, Appellant, v. Travelers Insurance Company of Hartford.

*Insurance—Accident insurance—Notice—Condition precedent.*

Where an accident insurance policy provides that immediate written notice of the accident shall be given to the company, and that proofs of death or loss of limb or sight, or duration of disability shall be furnished within seven months from the accident, a delay of four months in giving any notice of an accident when the insured was well able to give it, will bar a claim on the policy.

Where an act is to be performed by the plaintiff before the accruing of the defendant's liability under the contract, the plaintiff must prove either his performance of such condition precedent, or an offer to perform it which the defendant rejected, or his readiness to fulfill the condition until the defendant discharged him from so doing, or prevented the execution of the matter which the contract required him to perform.

Argued April 15, 1904. Appeal, No. 133, April T., 1904, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1898, No. 91, refusing to take off nonsuit in case of W. A. Dunshee v. Travelers Insurance Company of Hartford. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of accident insurance.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*D. A. Reed,* with him *Reed, Smith, Shaw & Beal* and *Samuel McClays,* for appellant.—Immediate notice was not a condition precedent: Humphreys v. Benefit Assn., 139 Pa. 214; Bole v. Fire Ins. Co., 159 Pa. 53; Stoneham v. Ins. Co., 19 Q. B. D. 237.

Even if immediate notice was a condition precedent, the word "immediate" is to be construed as meaning within a reasonable time, and what was a reasonable time, under all the circumstances of this case, is a matter for the jury: Phillips v. Benevolent Society, 120 Mich. 142 (79 N. W. Repr. 1); Accident Assn. v. Earl, 70 Fed. Repr. 16; May on Insurance, sec. 362; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; Fire Ins. Co. v. Hazen, 110 Pa. 530; Lyon v. Railway Passenger Insurance Co., 46 Iowa, 631; Kentzler v. Accident Assn., 88 Wis. 589 (60 N. W. Repr. 1002); People's Accident Assn. v. Smith, 126 Pa. 317.

The insurance companies have waived the requirement for immediate notice of the injury: Colder v. Weaver, 7 Watts, 466; Pratt v. Campbell, 24 Pa. 184; N. Y. Tartar Company v. French, 154 Pa. 273; People's Natural Gas Co. v. Braddock Wire Co., 155 Pa. 22; Huckestein v. Nunnery Hill Incline Plane Co., 173 Pa. 169.

*George M. Hosack,* of *Murphy & Hosack,* for appellee.—Immediate notice was a condition precedent: Inland Ins. & Dep. Co. v. Stauffer, 33 Pa. 397; Wolf v. Western Union Telegraph Co., 62 Pa. 83.

There was no question to be submitted to the jury, the question whether notice was given within the proper time being a question for the court: Accident Assn. v. Earl, 70 Fed. Repr. 16; Spicer v. Commercial Mut. Accident Co., 4 Pa. Dist. Rep. 271.

The insurance companies have not waived the requirement for immediate notice of the injury: Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Gould v. Ins. Co., 134 Pa. 570.

OPINION BY SMITH, J., July 28, 1904:

This appeal is from a judgment of compulsory nonsuit, entered in an action against the Travelers Insurance Company, insuring the plaintiff, " an attorney at law by occupation, against loss of time . . . . from bodily injuries effected . . . . through external, violent and accidental means which shall, independently of all other causes immediately and wholly di,able him from transacting any and every kind of business, pertaining to his occupation above stated," with specific sums for loss of life or limb. The policy provides, inter alia, that " immediate written notice, with full particulars and full name and address of insured, is to be given said company at Hartford, Connecticut, of any accident or injury for which claim is made. Unless affirmative proof of death, loss of limb, or sight, or duration of disability, and of their being the proximate result of external, violent and accidental means, is so furnished within seven months from time of such accident, all claims based thereon shall be forfeited to the company."

The claim was for loss of time, from May 15, 1897, to August 7, 1897,—twelve weeks, at the rate of $50.00 per week, on account of personal injuries. A compulsory nonsuit was entered " for the reason that the injury of which the plaintiff complains occurred in March, 1897, and notice thereof to the insurance company in August, 1897, was too late within the meaning of the policy requiring immediate notice—allowing that expression a reasonable construction as meaning within a reasonable time. The company, for its own protection, was entitled to reasonably prompt notice, in order to investigate the cause and nature of the injury. This it failed to receive and for that reason the nonsuit is entered with leave to plaintiff's counsel to move the court in banc to take it off." Afterward a motion to take off the nonsuit was duly made and refused.

The plaintiff's testimony showed that the injury for which suit was brought occurred March 27, 1897, and the first and only information of this to the defendant, was given, inferentially, by proofs of claim, received August 12, 1897, although he had made a claim under the policy for an accidental injury (a blow on the head) alleged to have occurred April 10, 1897, and for which proof was made May 1, 1897, and paid June 12, 1897. During this time he gave no notice to the company or

made claim for the injury in suit, but he now alleges in his statement to have been "wholly disabled from transacting any and every kind of business pertaining to his occupation" from May 15, 1897, until August 7, 1897. He admits having been able, in this period, to transact business for a company in which he was interested and indorsed notes of renewal as occasion required; that he was in and about his law office and house, situate on the same lot, and, as he testifies, "could have given legal advice if anyone came for it."

It is contended, on behalf of the defendant, that the notice required by the policy was a condition precedent in law, and should have been complied with in order to entitle the plaintiff to maintain his action. It is true as a rule of law that conditions precedent, when the basis of a contract, must have been performed by the person upon whom this duty is imposed, before the contract can be enforced by him. Where an act is to be performed by the plaintiff before the accruing of the defendant's liability under the contract, the plaintiff must prove either his performance of such condition precedent, or an offer to perform it which the defendant rejected, or his readiness to fulfill the condition until the defendant discharged him from so doing, or prevented the execution of the matter which the contract required him to perform: Jones v. United States, 96 U. S. 24.

But we are not called upon to decide whether the provision here as to notice is a condition precedent in this strict technical sense. The policy is the contract of the parties and must receive a reasonable construction in furtherance of its natural sense and intent, in accordance with the interpretation of like agreements. Ordinarily a notice of the fact of injury can be given promptly and without delay, while the full particulars of the injury may occasion delay and require time in preparation, dependent upon its nature, extent and duration. These are important particulars, which by their nature cannot be given by a bare notice of the accident; they necessarily involve a longer period, according to the circumstances. The nature of the risk covered calls for such a construction of the provision as to notice and the full particulars of the injury as will best serve their evident purpose. They must be distinguished and each given its appropriate force and meaning. These pro-

visions are not used as equivalents but serve distinct and important purposes, and are so viewed in the law of insurance. The purpose of the notice here is obvious; it is to enable the insurer to investigate for itself immediately the nature, extent and circumstances attending the casualty. This purpose can be best served promptly after the occurrence of the injury, or during the existence of its effect; thereafter it could not be accomplished while, as evidence, its availability is entirely lost after convalescence. This is the fact here. The duty of the plaintiff to give timely notice is fixed by the contract, and while opportunity for this must be reasonable under the circumstances, we see nothing to justify the delay here of over four months, even conceding the proofs to answer that purpose.

The proof of the particulars of the injury is not the notice referred to in the policy; such notice does not contemplate unnecessary delay. It is idle to contend that the plaintiff complied with the contract in this respect because of illness, while admitting his ability to transact other business requiring like effort, from time to time, during the period for which he seeks to recover. His admitted ability to perform equally arduous duties of like nature within the time contemplated by the contract will he deemed proof of his ability to give the required notice; and as no circumstances appear to prevent or interfere with its having been given within a reasonable time, the total neglect to perform this material stipulation is sufficient to bar recovery and justify the nonsuit.

Judgment affirmed.