## Miller v. Miller

*C. S. Schermer*, for plaintiff.
*G. T. Steeley*, for defendant.

OLIVER, P. J., and CRUMLISH, J., April 20, 1952.— This matter comes before the court on a petition for a declaratory judgment as to the rights of plaintiff under a certain agreement of property settlement between the parties, and the answer filed by defendant.

At the time of the execution of the agreement in question, the parties to this action were husband and wife. The wife had instituted proceedings in divorce a. v. m. in Philadelphia County as of June 15, 1951. On June 21, 1951, the parties entered into the subject agreement, which in paragraph 14 states:

"The parties hereto understand that this agreement is not intended in any manner to refer to or provide for any divorce proceeding but is merely intended to adjust the property rights between the parties, . . ."

Pursuant to this agreement adjusting property rights, defendant paid plaintiff the sum of $500 and deposited in escrow with the attorneys for the parties the sum of $3,000. With respect to this escrow fund, the agreement provides (paragraph 5):

"Upon the termination of the marital relationship between Benjamin and Rosalie by death of Benjamin or by law, escrow shall pay to Rosalie the said Three Thousand ($3000.00) Dollars without any deduction therefrom."

And further (paragraph 6) :

"If the marital relationship between Benjamin and Rosalie shall not be terminated by death of Benjamin or by law within six months from the date of this agreement then escrow shall within fifteen days thereafter return to Benjamin said Three Thousand ($3000.00) Dollars."

After the execution of this agreement, plaintiff prosecuted her proceeding in divorce with due diligence and dispatch. The docket entries of the case show that an application for the appointment of a master was made on June 26, 1951; that the court approved the master's report on December 21, 1951; that the final rule was filed on December 31, 1951, and that the final decree was entered on January 18, 1952. That the master did not file his report until November 28, 1951, was not the fault of either of the parties. No exceptions were filed by defendant and no appeal was taken.

Prior to the entry of the final decree, defendant by his counsel refused to waive service of the final rule. But no notice was given plaintiff of any determination on the part of defendant to take advantage of the six-month limitation period in the agreement.

The final decree was entered on January 18, 1952. This was 28 days after the expiration of the six-month period specified in the agreement. One of the two escrowees has therefore refused to pay over the escrow fund of $3,000 to plaintiff. Plaintiff here contends that she is entitled to the fund notwithstanding the delay in the entering of the final decree.

We are first faced with a question as to whether or not this proceeding is properly before us.

Under the Act of June 18, 1923, P. L. 840, sec. 6, the courts originally refused to take cognizance of petitions for declaratory judgments in cases where an adequate remedy at law or equity was provided. By the Act of April 25, 1935, the relevant section (6) was amended to allow the courts to hear actions where a statutory remedy was provided, or where a general common-law remedy was provided, but where the case was not "ripe" to allow such action: Allegheny Co. v. Equitable Gas Co., 321 Pa. 127 (1936); Bergman v. Gross, 329 Pa. 67 (1938). This section was further amended by the Act of May 26, 1943, P. L. 645, sec. 1, 12 PS §836, whereby the provision of the 1935 Act relating to the requirement, that the controversy be at such a stage that it would not be "ripe" for the general common-law or statutory remedy, was removed from the act.

Now, the mere fact that the case is susceptible to general relief under general common law or statutory law does not prevent the court from taking jurisdiction and hearing the suit on petition for a declaratory judgment. There must be an actual controversy between parties holding adverse interests, and the court must be satisfied that litigation is imminent and inevitable. With these requirements satisfied, as they are in the matter before us, the court will hear the case. See Philadelphia Manufacturers Mutual Fire Insurance Co. v. Rose, 364 Pa. 15 (1950); Melnick v. Melnick, 147 Pa. Superior Ct. 564 (1942).

There is no factual issue involved with any material bearing on the case. As will be explained below, those facts alleged in the petition with which defendant takes issue are neither relevant nor material to our conclusions here.

On the merits of this controversy, we are faced with only one major question: the final effect of clause 6 of the agreement. Under that clause, if the marriage were not terminated within six months from the date of the agreement, the escrowees were to return the $3,000 deposited with them. Is that provision a promise to perform within a limited period of time, or a condition precedent? We cannot imply any promise to obtain a divorce within six months as consideration for the payment of the $3,000. To do so would be contrary to the clearly expressed intention of the parties that the agreement in no way shall be considered as relating to any divorce action (paragraph 14). We hold that paragraph 6 creates a pure condition precedent giving rise to a duty of performance on the part of defendant husband immediately upon plaintiff wife's successful prosecution of a divorce action and the subsequent termination of the marriage within the six-month time limitation.

We are therefore faced by the well-settled rule that: " 'No liability can arise on a promise subject to a condition precedent until the condition is performed',": Martz v. Continental Casualty Company, 141 Pa. Superior Ct. 187, 191; Dunshee v. Traveler's Insurance Company of Hartford, 25 Pa. Superior Ct. 559, 562. As a general rule, conditions expressed in fact must be exactly fulfilled. The reason for this is obvious. The promisor can be held liable only according to the terms of his promise. But as against this strict rule, the courts of both law and equity have developed rules and doctrines to minimize the harshness of the general rule in cases where strict enforcement of the condition would cause great and unjust hardship. Section 276 of the A. L. I. Restatement of the Law of Contracts is held to govern here. That section states that, unless expressly provided in the agreement, time is not of the essence.

"(a) Unless the nature of a contract is such as to make performance on the exact day agreed upon of vital importance, or the contract in terms provides that it shall be so, failure by a promisor to perform his promise on the day stated in the promise does not discharge the duty of the other party."

Again, paragraph (c) states:

"If delay of one party in rendering a promised performance occurs before any part of his promise has been rendered, less delay discharges the duty of the other party than where there has been part performance of that promise."

Approaching the instant problem with these rules in mind, we note that no express statement that time is of vital importance was set forth in the agreement, nor is the nature of the agreement such that fulfillment of the condition on the exact date stated or before that date is of substantial importance to either of the parties. Further, plaintiff has obtained a legal termination of the marital relationship. She obtained approval of the court to the divorce prior to expiration of the six-month period, with nothing remaining to be done other than the entering of the formal final decree. Thus defendant, having benefited by the decree, is now standing on a bare technicality without any just reason to support it, in the hope of avoiding payment of the settlement money to plaintiff. Actually the delay was increased by defendant when he refused to waive notice of the final rule, and he did not have the decency at that time, or at any time before final decree was entered, to notify plaintiff he intended to insist upon strict compliance with the six-month provision of the agreement. Now, after plaintiff without such notice irrevocably altered her position, defendant seeks to deprive her of the money settlement agreed upon for her benefit. Such action seems to us to be unconscionable under all of the circumstances.

Furthermore, Professor Williston, §851, describes the doctrine of "collateral stipulations" whereby the court may examine an agreement to determine whether the basic performance of the condition is the essential condition, with the time limitation only a subsidiary or collateral matter, or whether the time limitation is of great importance. Here we have a separation agreement entered into after the divorce action was instituted. It provides for payment of $3,000 upon termination of the marriage by action of law. The time limit of six months seems to us to be of relative unimportance. We construe it as an explanation of what the parties considered to be a reasonable time for the divorce to be made final, taking into consideration the normal and usual time necessary to conclude an uncontested action, and a provision inserted to guard against possible action on the part of plaintiff by way of terminating the proceeding prior to the final decree. The delay in obtaining final decree was not the fault of plaintiff and was not material. We feel bound to declare that defendant's interpretation leads to a harsh and unreasonable result and also to a forfeiture. Under general contract law, such construction is to be avoided: Poland Coal Company v. Rogers et al., 260 Pa. 118; Bingell v. Royal Insurance Co., Ltd. etc., 240 Pa. 412; 3 Williston on Contracts, §620, and the cases cited in note 4, p. 1787. See also A. L. I. Restatement of the Law of Contracts §§302, 339.

We therefore interpret paragraph 6 of the agreement in favor of plaintiff and against defendant.

### Decree

And now, to wit, April 25, 1952, the court finds in favor of plaintiff and enters judgment against defendant in favor of plaintiff in the sum of $3,000, with interest from January 18, 1952.