JOHN B. STEVENS & CO. v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO.

FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO. v. JOHN B. STEVENS & CO.

(Circuit Court of Appeals, Ninth Circuit. September 8, 1913.)

No. 2,255.

1. INSURANCE (§ 539*) — EMPLOYER'S LIABILITY POLICY — NOTICE — DUTY TO GIVE — TIME — "IMMEDIATELY."

An employer's liability policy provided that on the occurrence of an accident, whether any claim was made in respect thereof or not, the insured should immediately, and at the latest within ten days, or within the time fixed for giving notice of accidents under liability insurance policies by any special law of the state in which the policy is issued, give notice in writing of such accident to the insurer, etc. Held, that the word "immediately," as so used, did not mean instantly, and did not require the insured to give notice before assured itself had knowledge of the accident by which the employé in question was injured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*

For other definitions, see Words and Phrases, vol. 4, pp. 3403–3410.]

2. TIME (§ 15*)—"IMMEDIATELY."

Where notice of an act is required to be given "immediately," the word implies reasonable notice in view of all the circumstances of the case.

[Ed. Note.—For other cases, see Time, Dec. Dig. § 15.*]

3. INSURANCE (§ 513*)—EMPLOYER'S LIABILITY POLICY—DEFENSE OF ACTION—COSTS AND ATTORNEY'S FEES ON APPEAL.

Where an employer's liability policy bound the insurer to defend an action against assured for injuries to a servant, regardless of the insufficiency of the notice of injury, for which the insurer denied liability under the policy and refused to defend, the assured was not only entitled to recover costs and attorney's fees paid in defense of the action in the superior court, but was also entitled to recover costs and attorney's fees expended on appeal of the case to the Supreme Court.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 513.*]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by John B. Stevens & Co. against the Frankfort Marine, Accident & Plate Glass Insurance Company. Judgment for plaintiff for less than the relief demanded, and both parties bring error. Reversed and remanded for new trial.

J. W. Quick and L. B. Da Ponte, both of Tacoma, Wash., for plaintiff.

R. S. Holt, U. E. Harmon, and Hudson, Holt & Harmon, all of Tacoma, Wash., for defendant.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The policy of insurance upon which this action was brought indemnified the plaintiff (plaintiff in error here), John B. Stevens & Co., a corporation, against loss arising from legal liability for damages on account of bodily injury or death suffered by any of its employés from accidental causes, not exceeding the sum of $5,000, and also against the costs of defending an action or actions to recover such damages. While the policy was in force one I. B. Merrill, an employé of the assured, was injured, and on October 28, 1909, commenced an action to recover damages therefor. The plaintiff immediately sent the summons and complaint in the action to the insurance company, with the request that it take the defensive proceedings provided for by the policy, which the insurance company refused to do, for which reason the plaintiff was compelled to defend the action at its own cost, incurring expense therefor in the sum of $1,073.95. The Merrill action resulted in a judgment against the assured for $6,100, which on appeal was affirmed by the Supreme Court of the state of Washington, in which state the suit was brought, and which judgment was paid, with interest and costs, by the plaintiff in the present action.

In its answer to the plaintiff's amended complaint, the insurance company set up, among other things, that the policy sued on was issued to the plaintiff in the state of Washington, and that Merrill received the injuries alleged in the complaint on or about June 15, 1909, which fact the plaintiff at the time well knew, but that, notwithstanding such knowledge, the plaintiff did not give notice of the injury, or of the accident from which it arose, in writing or otherwise, to the insurance company "until the latter part of October or the first part of November. following the said accident and injury," and for that reason the defendant insurance company denied any liability to the plaintiff under the policy and refused to undertake the defense of the action of Merrill, and further pleaded in defense of the present action that—

"by reason of the failure of the said plaintiff to give the said notice, and its failure to investigate the accident and to preserve the testimony, the evidence became destroyed and the witnesses scattered, and at the time the action referred to in plaintiff's complaint was brought, by reason of the neglect of the plaintiff to properly attend to the matter, and by reason of certain changes and alterations that it had made in the structure at which the accident occurred, it was no longer possible to successfully defend the said action."

In the plaintiff's reply to the insurance company's answer it admitted that the policy sued on was issued in the state of Washington, and admitted that it gave no notice of the accident or injury to Merrill prior to October 19, 1909, but denied that it knew of the injuries or accident on or about June 15, 1909, or at any time prior to October 19, 1909, and alleged that immediately upon learning thereof it gave due notice of the same to the insurance company. In its reply the plaintiff also admitted that there was an alteration made in the structure where the accident happened, but alleged that the same was slight and immaterial, was made prior to the time that the plaintiff knew of the accident, and that it was not claimed by Merrill to have been responsible for the accident or connected therewith in any way, and that the structure was totally destroyed by fire without the plaintiff's fault prior to the time that the suit brought by Merrill was or could have been tried, and could not have been available for use as evidence in that action.

The clause of the policy in suit in respect to the giving of notice is as follows:

"That upon the occurrence of an accident, whether any claim be made in respect thereof or not, the assured shall immediately, and at the latest within ten days, or within the time fixed for giving notice of accidents under liability insurance policies by any special law of the state in which the policy is issued, give notice in writing of such accident to the company," etc.

The policy also contains this clause:

"That if any legal proceedings are taken to enforce a claim against the assured, which would be covered by this policy if the assured were legally liable in respect to such claim, the company shall, at its own cost, undertake the defense or settlement of such legal proceedings in the name and on behalf of the assured, and shall have entire control of such defense, whether legal liability on the part of the assured in respect to the claim is proven as the result of such proceedings or not. If the company shall at any time offer to pay to the assured the full amount for which the company might be liable to indemnify the assured in respect to the claim sought to be enforced, it shall not thereafter be bound to defend any legal proceedings, nor be liable for any costs or expenses which the assured may incur in defending the same; but the company shall not be responsible for any damages alleged to have been sustained by the assured in consequence of any action or omission of the company in connection with such claim or proceeding. The assured shall, at all times, under the direction of the company, render all reasonable and necessary assistance to enable the company to effect settlements, or to properly conduct a defense, or to prosecute an appeal, or to secure information or the attendance of witnesses."

The court below on the trial of the action refused to allow the assured to prove that it had no notice of the accident or injury to Merrill until October 19, 1909, on which day it received a letter from Merrill's attorneys giving the notice and demanding a settlement for the injury, and on which day it was admitted that the assured sent the letter to the insurance company; and the trial court refused to allow the assured to prove the facts with respect to the happening of the accident, and refused to allow it to prove that the defendant insurance company—

"was not prejudiced by not having notice sooner; that all of the witnesses were available at the time that notice was given to the defendant of the accident."

It was stipulated at the trial:

"That judgment was rendered on the 10th day of February, 1910, in the superior court of the state of Washington in and for Pierce county,. against the defendant John B. Stevens & Co., in favor of I. B. Merrill, in the sum of $6,100, together with costs."

The plaintiff was allowed to show that the Merrill case was appealed to the Supreme Court of the state, and by it affirmed, and that Stevens & Co. paid the judgment, including interest and costs, aggregating $6,539.30, and also paid $250 to the attorney who defended the suit in the superior court of the state, but the trial court refused to allow proof of the amount paid the attorney for services. rendered on the appeal of that case—to all of which rulings the plain-- tiff reserved exceptions, as it did to the instructions given by the trial court to the jury, which told them "that while there could be no re- covery against the defendant on account of the loss it sustained in paying the judgment which Merrill recovered, because they did not give the ten days' notice, yet that the insurance company undertook to. defend that suit, regardless of whether the ten days' notice was given, and that it was its duty when called upon to do so, without requiring the plaintiff, John B. Stevens & Co., to release it beforehand on ac- count of any judgment that might be obtained. So you will not con- cern yourselves with that part of the pleading that goes to the lia- bility or claimed liability on account of the judgment which John B. Stevens & Co. had to pay in the end. You will confine your attention to the evidence introduced here regarding those costs and expenses which the plaintiff was put to in defending the case in the superior court of Pierce county after the defendant company refused to defend it"—but was not entitled to recover the costs and attorney's fees in- curred on the appeal of the case. For the costs incurred in the su- perior court, amounting to $286.40, the jury accordingly returned a verdict in favor of the plaintiff company.

The plaintiff duly excepted to the charge of the court to the jury, and in other respects already indicated, which rulings are the basis of the writ of error sued out by the corporation John B. Stevens & Co.

The other of the two writs here considered together was sued out by the insurance company, and challenges the action of the trial court in allowing the recovery by the plaintiff company of the costs incurred in the superior court in defense of the Merrill action—the insurance company having. moved for a peremptory instruction to the jury to find in its favor, and also for judgment notwithstanding the verdict, both of which motions were denied and to each of which an exception was reserved; the contention of the insurance company being that the assured failed to give the notice required by the policy, which de- prived it of the right to have the case defended.

[1] It will be seen, therefore, that the controlling point in the case is whether by the terms of the policy in question the assured was re- quired to give notice of the injury sustained by its employé before it had any notice of such injury. The court below held that it was, both by its rulings in respect to the plaintiff's offer of proof and in its instructions to the jury, and thereby, in our opinion, committed

clear error.   As said by this court in Empire State Surety Co. v. Northwest Lumber Co. (C. C. A.) 203 Fed. 417:

"It is self-evident that a party cannot give notice of an accident in respect of which a claim can be made until he himself is informed of it, or has knowledge concerning it, and he could not be expected so to do."

Nor does the clause in the policy involved in this case undertake to require the assured to give such notice, regardless of its knowledge or information on the subject.   We repeat the clause:

"That upon the occurrence of an accident, whether any claim be made in respect thereof or not, the assured shall immediately, and at the latest within ten days, or within the time fixed for giving notice of accidents under liability insurance policies by any special law of the state in which the policy is issued, give notice in writing of such accident to the company," etc.

Not only is there here no express requirement for the impossible giving of notice of something not known to have occurred, or concerning which the assured has no information, but the very terms in which the provision is couched indicate that no such unreasonable interpretation is permissible.

[2] The notice is here required to be given "immediately, and at the latest within ten days, or within the time fixed for giving notice of accidents under liability insurance policies by any special law of the state in which the policy is issued." If the word "immediately" was not thus qualified, and stood alone, it would, under the well-established law upon the subject, be held to imply a reasonable notice in view of all of the circumstances of the case.   Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 Sup. Ct. 833, 46 L. Ed. 1193; Guarantee Co. v. Mechanics', etc., Co., 183 U. S. 402, 22 Sup. Ct. 124, 46 L. Ed. 253; American Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; Ward v. Maryland Casualty Co., 71 N. H. 262, 51 Atl. 900, 93 Am. St. Rep. 514; Germania Insurance Co. v. Boykin, 12 Wall. 433, 20 L. Ed. 442; Mandell v. Fidelity & Casualty Co., 170 Mass. 173, 49 N. E. 110, 64 Am. St. Rep. 291; Edgefield Mfg. Co. v. Maryland Casualty Co., 78 S. C. 73, 58 S. E. 969; Woodmen's Accident Association v. Byers, 62 Neb. 673, 87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777; Phillips v. Ben. Soc., 120 Mich. 142, 79 N. W. 1.   And that the insurance company in this instance did not mean the word "immediately" to be taken and enforced literally is conclusively shown by the fact that it immediately followed it with the words:

"And at the latest within ten days, or within the time fixed for giving notice of accidents under liability insurance policies by any special law of the state in which the policy is issued."

We have examined the decision of the Supreme Court of Victoria in the case of Victorian Stevedoring & General Contracting Co., Limited, v. Australian Accident Insurance and General Guarantee Co., Limited, 19 Victorian Law Reports, 139, cited in the brief of the insurance company.   Two of the learned judges sustained a position like that taken by the defendant in error herein.   The third judge concurred in the judgment, but rested his opinion upon a different point, not material to this case.   But the judge who tried the case, and who

was also a judge of the Supreme Court of Victoria, had been of a different opinion, and wrote in part as follows:

"* * * The defendants undertook to recoup to the plaintiffs any sum not exceeding £1,000. which they might have to pay for injuries caused by the negligence of their workmen or other employés in the service of the plaintiffs or by their works to third persons. The policy recites certain facts, and then puts in the provisos which raise the questions in dispute. The first proviso that was made refers to the conditions annexed to the policy, and makes them a part of the contract; and it is contended on behalf of the defendant that those conditions are really conditions precedent to a person's title to recover, or, rather, that noncompliance with them is a bar to the right to recover.

"The first condition is that 'upon the occurrence of any injury notice in writing thereof shall within seven days be given by the insured to the company at their office where this policy has been issued.' Did the parties really mean, when they said that, that if notice was not given exactly within seven days—if a few minutes over the time, for instance, elapsed, or if it became impossible to give it by reason that the plaintiffs did not themselves know of the accident earlier—that their right to be reimbursed under the terms of the policy would be at an end. that they were to lose the £1,000.? Was it meant that the defendants should be entitled to say: 'You have given notice five minutes too late, and we will therefore keep your premiums and pay you nothing?' The very statement was absurd: I cannot believe that the parties intended anything of the sort. What they did intend was to place an obligation on the plaintiffs to give notice, thereby entitling the defendants to compensation if they sustained any injury for want of that notice. It was never intended that the mere fact that notice was not given should be a complete answer to an action. * * * So far as relates to the first condition, I have no doubt whatever that what the parties meant was: 'You shall give me notice of the occurrence of any injury. If you don't give notice, you may be still entitled to recover; but I shall get from you any damages I may sustain from want of that notice.'"

[3] We are of the opinion that the court below was in error in holding that the policy in suit required the assured to give notice of the injury to its employés, regardless of its own knowledge or information upon the subject, and in holding that the assured was not entitled to its costs and attorney's fee expended on the appeal of the Merrill case, as well as to its costs and attorney's fee paid in defense of that action in the superior court of the state of Washington.

The judgment is reversed, and cause remanded for a new trial.