Gerber, Appellant, v. Fletcher et al.

Argued December 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*H. M. McCaughey,* and with him *Herman D. Levinson,* for appellant.

*H. Rook Goshorn,* and with him *Harry S. Ambler, Jr.,* for appellee.

Opinion by Baldrige, J., January 25, 1933:

On June 14, 1924, Joseph J. Fletcher, operating an automobile, ran into a milk wagon driven by Philip Gerber, and seriously injured him. Fletcher carried two policies of indemnity insurance, one in the Importers and Exporters Insurance Company, protecting him from property damage, and one in the New York Indemnity Company, covering injuries to other persons. The day after the accident, Fletcher notified his insurance broker, Macht, of the accident, and Macht, in turn, informed Myers, agent for the Importers and Exporters Insurance Company; Myers also was the broker who procured the defendant's policy from the New York Indemnity Company. Under Macht's testimony, Myers was to advise both companies. On December 30, 1924, Gerber brought an action of trespass against Fletcher. The summons was duly served on Fletcher, who forwarded it to Macht. On January 9, 1925, the statement of claim was filed, which the defendant alleged was the first knowledge he had that personal injuries had been sustained. On January 27, 1925, the New York Indemnity Company, through W. F. Marshall and Company, general agents, received their initial information of the accident, injury and suit. The case came on for trial, the insurance companies taking no part therein, and a verdict was rendered in the sum of $1,500, on which judgment was entered. Gerber, thereafter, issued an attachment execution summoning the Union Indemnity Company and the New York Indemnity Company as garnishees, the latter having been absorbed by the former. Judgment was obtained against the garnishees, but the court thereafter entered judgment n. o. v. for the insurance companies; and this appeal followed.

The defense in the attachment proceeding was that prompt notice of the accident and of the suit had not been given to the insurance company. The policy required the insured to give prompt notice of the ac-

cident, with fullest information obtainable at the time, and of any claim made, and if suit is brought to enforce such claim, to forward to the executive office of the company, in New Orleans, Louisiana, or New York City, all documents relating thereto. "Prompt" is defined by Webster to mean "ready, quick, immediate, instantly." The policy clearly contemplated that the insured should be advised of the accident within such reasonable time so that ready action could be taken. These requirements are not unreasonable, and it was the clear duty of the defendant to comply therewith by promptly reporting the accident. Conditions of this character are usual and are designed to enable the insurer to inform itself by investigating the circumstances of the accident while the matter is yet fresh in the minds of all, and prepare for a defense, if necessary, or determine whether it is prudent to settle any claim arising therefrom: Bartels Brewing Co. v. Employers' Indemnity Co., 251 Pa. 63, 95 A. 919.

In Trask v. State Fire and Marine Ins. Co., 29 Pa. 198, a leading case, the fire policy contained a provision that in case of loss, notice was to be given "forthwith" to the company. The property was destroyed on May 2, 1851, and notice was given on May 13th. In affirming the judgment for the defendant, the court said: "We may modify that contract law so as to give it equitable adaptation to unanticipated events, but we cannot establish or introduce another in its stead. Certainly it is a contract condition of the defendants' liability that they shall be immediately notified of any loss insured against, and we cannot dispense with a compliance with this law unless the plaintiff shows some proper excuse for his non-compliance." In Edwards v. The Lycoming Co. Mut. Ins. Co., 75 Pa. 378, the court held that a provision in a policy, that on the happening of a loss "insured shall forthwith give notice," required due diligence under the circumstances, and that 18 days was not a suffi-

cient compliance with the insured's undertaking. In Dunshee v. Travelers Ins. Co., 25 Pa. Superior Ct. 559, 563, we said, in affirming nonsuit on an insurance policy because of failure of the plaintiff to give "immediate written notice": "The duty of the plaintiff to give timely notice is fixed by the contract, and while opportunity for this must be reasonable under the circumstances, we see nothing to justify the delay here of over four months."

A most liberal interpretation of the terms of the policy could not justify a delay of seven months in giving notice to the insurance company. The broker was the agent of the insured, not of the New York Indemnity Company. The defendant attempted to excuse his failure to give prompt notice by stating that in so far as he knew there was no injury to the driver of the wagon. This unconvincing reason does not give him refuge. The defendant was personally involved in this accident, and it is alleged, and not denied, that the plaintiff was thrown from his wagon to the ground. His injuries must have been more or less serious, and very probably were apparent, as they were assessed by the jury in the sum of $1,500. The record before us does not disclose the exact information given by the defendant to Macht after the accident, but Macht testified that he expected Myers to notify both companies. Evidently this notice gave some information of personal injuries; otherwise, there was no necessity to advise the New York Indemnity Company.

This case is readily distinguished from Schambelan v. Preferred Acc. Ins. Co., 62 Pa. Superior Ct. 445, where the team involved in the accident was not driven by the insured. In Hughes v. Central Acc. Ins. Co., 222 Pa. 462, 71 A. 923, cited also by appellant, plaintiff, while traveling, got a cinder in his eye. He suffered pain for a day or two and then apparently recovered. Several weeks afterwards, however, the sight

of the eye began to fail. An examination disclosed a cataract, and, thereupon, he gave notice to the company. The court held that the accident amounted to a reasonable excuse for the delay, which is quite dissimilar from the case at bar, as this defendant had every reason to believe that the plaintiff was injured.

The contract being clear and specific as to the requirement of a prompt notice, and as there was not that due diligence shown as required by the terms of the policy, and no just reason advanced for non-compliance therewith for a period of seven months, the appellant is not in a position to complain of the action of the learned court below.

Finding no merit in the assignments of error, judgment of the lower court is affirmed.