## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, APPELLANT, v. PETE CASSINELLI, JR., RESPONDENT.

No. 3579

April 3, 1950.                                216 P.2d 606.

*James W. Johnson, Jr.,* of Fallon, *Griswold & Vargas,* of Reno, and *Russell A. Harris,* of Sacramento, California, for Appellant.

*Lloyd V. Smith,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

State Farm Mutual Automobile Insurance Company has appealed from a judgment in favor of Pete Cassinelli, Jr., its insured, under an insurance policy indemnifying him against public liability and property damage. It has also appealed from the order denying a new trial. The appeal raises two questions, both of which were

decided adversely to appellant by the trial court. The first is that the nature of the loss involved was not covered by the terms of the policy. The second is that the respondent is precluded from recovery by reason of his failure to give certain notices required by the policy.

(1) By the terms of the policy the company agreed, in consideration of the payment of the premiums, "and subject to the * * * conditions and other terms" of the policy:

"Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Also:

"It is further agreed that as respects insurance afforded by this policy under coverages A and B the company shall:

"(a) Defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company."

Further:

"Such insurance as is afforded by the policy in Coverages A and B also applies: * * *

"(2) To the named insured, * * * with respect to the operation of any other private passenger automobile by any such insured, or by a private chauffeur or domestic servant in the employ of any such insured, and with respect to the presence of any such insured in any other private passenger automobile, * * *."

The automobile described in the policy is a 1937 LaSalle sedan owned by the insured.

The first controversy arises out of the meaning of the insurance "afforded by the policy in coverages A and B * * * to the insured * * * *with respect to the presence of any such insured in any other private passenger automobile. * * *.*"

The insured was riding, not in the insured's LaSalle sedan, but in a Buick car owned by and being driven by his adult son Raymond Cassinelli, when such Buick became involved in a collision with another car, and as a result whereof persons riding in such other automobile were injured. Although a further recital of the facts will be required later, it will suffice at this time to say that a judgment was thereafter obtained against respondent by one of such injured third persons, and two other actions commenced against him were compromised and settled. Appellant contends that these items were not covered by its policy. Neither party has submitted to this court, nor has the court found in its own investigation, any decision purporting to interpret or construe a similarly worded coverage.

Appellant's brief, further condensing the wording of the policy to determine its present application, thus recites its terms: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages caused by accident, and with respect to the presence of any such insured in any other private passenger automobile."

In order that we may correctly and fairly state appellant's contention that the instant liability was not

covered by the policy, we quote from its brief: "If we are to accept the trial court's decision, the logical conclusion which we must reach is that the respondent must contend that the appellant herein agreed by this policy of insurance to insure him against liability as the result of the negligence of any person with whom he might have any contact, regardless of the fact that neither the automobile which is insured nor the respondent has any direct connection either legally or logically with the proximate cause of the accident * * * and unless this respondent was held liable simply because he was present in that car, then even under the strained interpretation of the trial court there would be no coverage."

In the course of the oral argument counsel for appellant was requested by the court to explain further his theory of the meaning of the clause insuring respondent against liability "with respect to the presence of any such insured in any other private passenger automobile," and replied that such clause " applies only in those cases wherein the state may impose a liability by law for damages predicated upon the fact, and the fact alone, that the named insured in the policy could be held liable simply because he was present in that car." Counsel explained at some length the history of legislation in various states and the growing trend to fix liability for all accidents, and in which the indemnity companies sought to keep pace with provisions for a complete coverage, and fix their rates accordingly. Counsel stated further: "It is not beyond the realm of conception at all that one state, and possibly many states may have laws imposing a liability upon all persons riding in an automobile, in the event that automobile becomes involved in an accident. * * * We contend that this provision was put into this policy because it was not only an effort to comply with, but to anticipate, the requirements of the various state laws. Some states may enact a law making each person riding in an automobile on its highways responsible for the conduct of the driver of

that automobile * * * and if anything happens he is liable for damages because of his presence in that automobile." In other words appellant insists that the coverage does not apply in a case where liability results because, for example, the insured was directing the operation of the car in which he was riding as a passenger or because at the time he was engaged in some joint venture with the driver—assuming a proper case for liability under such circumstances.

We are unable to accede to this view. It appears that in the action of Mabel A. Miller against respondent and others the court found that respondent Pete Cassinelli, Jr., and his son Raymond Cassinelli had been on a business mission to Yerington, Nevada; that on their return therefrom, and at the intersection of Mill Street and Kietzke Lane in Reno, Washoe County, Nevada, Raymond Cassinelli drove through a stop sign and into Mrs. Miller's car, damaging the same and breaking her leg, and that, at the time, Raymond was driving north on Kietzke Lane at a rate of speed of forty-five miles an hour and that Mrs. Miller was driving east on Mill Street at twelve miles an hour. We agree with the trial court that it was precisely this kind of liability against which respondent was insured by the clause in question.

(2) The second point involves the question of whether the insured was precluded from recovery by reason of his failure to give the notices required by the policy.

The clauses relied upon by appellant are as follows:

"4. Notice of Accident-Claim or Suit-Coverages A and B. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice,

summons or other process received by him or his representative.

"7. Action against Company-Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy.  *  *  *"

The dates and circumstances involved are as follows: The accident above referred to occurred November 23, 1945. Mabel A. Miller, one of the injured persons, filed her complaint against Raymond Cassinelli, and thereafter amended the same to include Pete Cassinelli, Jr., respondent herein, as a party defendant. Such amended complaint was served on Pete Cassinelli, Jr., September 19, 1946. He had in the meantime no knowledge that liability on his part was claimed by Mrs. Miller. On January 16, 1947, a little less than four months after he had been served with such amended complaint, Pete Cassinelli, Jr., the respondent herein, notified the appellant insurance company of such service and forwarded copies of the summons and amended complaint. At the time of such notice Mrs. Miller's action against him had been set for trial for February 20, 1947, a period of thirty-five days after the notice. It appeared however that a continuance, if requested, would have been granted, presumably for such period as to give a reasonable opportunity for preparation or further preparation for defense. The only explanation for the four months delay in forwarding the suit papers and giving notice of the action was that the insured thought that his policy had lapsed and that he was insured in another company. His policies were at all times in his possession in a file in his home.

It becomes evident from a reading of the authorities that the effect of the failure to give notice and forward suit papers depends upon the wording of the policy. The law is thus summarized in 29 Am.Jur. 828, Insurance, sec. 1105, under the title, "Necessity of Compliance with Requirement:"

"Provisions making the furnishing of proofs of loss

within a stipulated time a condition precedent to liability on the part of the insurer, or providing for forfeiture for failure to file within that time, will ordinarily be given effect, provided a satisfactory excuse for the noncompliance or the delay in compliance is not given. There is, however, a conflict of opinion on the question whether the provision in the usual form of policy, that notice and proofs of loss must be made within a certain time, is a condition precedent so far as giving notice or furnishing proofs of loss in the prescribed time is concerned. Some courts hold that the failure to comply with the policy within the period specified defeats a recovery on the policy. The more generally accepted rule, however, is that the requirements of an insurance policy that the insured shall give notice and furnish proofs of loss within a certain time are conditions precedent to the right to sue, but failure to comply with such requirements within the time stipulated does not avoid the policy or work a forfeiture in the absence of a stipulation in the policy to that effect. Such failure merely postpones the day of payment, provided notice is given and proofs of loss are furnished within such time as will enable the insured to bring his suit within the time limited by the policy.

"It is generally held that a provision in a liability policy for 'immediate,' 'prompt,' etc., notice is of the essence of the contract and that a failure to comply with such provision will defeat recovery upon the policy, at least where the provision is preceded by words expressly declaring the insurance 'subject to the following conditions,' among which is listed the provision in question. It has been held that this rule is applicable although the insurer does not show injury or prejudice resulting from the failure to give the notice as required. Some policies expressly provide that a literal and strict compliance with the requirements of a condition as to notice of accident, etc., is of the essence of the contract and a condition precedent to recovery under the policy. Certainly, a failure to give the 'immediate' notice of accident required by the clause will prevent a recovery where

the policy expressly states that 'this insurance is subject to the following conditions, which are to be construed as conditions precedent of this contract,' the clause in question being among those referred to. On the other hand, it has been held by some courts that a failure to comply with the clause requiring 'immediate' written notice of accident does not bar a recovery upon the policy where it appears neither that the policy expressly provides that a breach of the clause shall work a forfeiture nor that the breach caused any injury or prejudice to the insurer."

While at first blush the foregoing statement may seem confusing and self-contradictory, it is not so when we confine our attention to the cases involving policies that definitely provide that the requirements for notice are conditions precedent, and that no action shall lie against the company without compliance. Such selection eliminates the mass of conflicting cases which require a construction as to whether (1) the requirement for notice is simply a condition subsequent which will not defeat recovery in the absence of prejudice,[1] or (2) such requirement is of the essence of the contract, constitutes a condition precedent, and noncompliance without waiver or excuse will defeat a recovery. Considering then only the cases involving policies which declare that compliance with notice requirements is a condition precedent to recovery, we are unable to agree with respondent's contention that the cases denying recovery in event of an unexcused and unwaived breach are confined to the older cases upholding what is characterized as a harsh and inequitable rule and that the later cases apply the more just and reasonable rule that recovery will not be denied in the absence of prejudice.

In Houran v. Preferred Acc. Ins. Co. of New York, 109 Vt. 258, 195 A. 253, 259, the court said: "The rule established by the weight of authority is that where, by the terms of the insurance contract, a specified notice

---

[1]This automatically eliminates a further mass of conflicting cases involving presumptions and burden of proof as to prejudice resulting from failure to comply with the notice requirements.

of accident, given by or on behalf of the insured to the insurer, is made a condition precedent to liability on the part of the latter, the failure to do so will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. Among the cases so holding are Meyer v. Iowa Mutual Liability Ins. Co., 240 Ill.App. 431, 436; Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S.W. 128, 130; Lee v. Metropolitan Life Ins. Co., 180 S.C. 475, 186 S.E. 376, 381; Jefferson Realty Co. v. Employers' Liability Assur. Corp.. 149 Ky. 741, 149 S.W. 1011, 1014; Sherwood Ice Co. v. U. S. Casualty Co., 40 R.I. 268, 100 A. 572, 576; Employers' Liability Assurance Corp. v. Perkins, 169 Md. 269, 181 A. 436, 442; St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co., 8 Cir., 40 F.2d 344, 347, certiorari denied 282 U.S. 882, 51 S.Ct. 86, 75 L.Ed. 778. Other decisions might be cited, but instead reference may be had to those mentioned in the opinions in the foregoing cases, and in annotation, 76 A.L.R. 182."

Like the Vermont court we refer to the annotation, 76 A.L.R. 182, also the supplemental annotation, 123 A.L.R. 981 and 139 A.L.R. 771, where additional later cases are collected. We further agree with the statement by the supreme court of Vermont that much of the conflict of authority on the question is more apparent than real. "Many of the cases which hold that a showing of prejudice is necessary turn upon a construction of the langauge of the policy, while recognizing, tacitly at least, the rule stated above."

We turn to the cases relied on by respondent in support of the asserted rule that the insured's right of recovery is not defeated by failure to give the required notice unless the insurer is prejudiced by such lack or such delay.

The first is John B. Stevens & Co. v. Frankfort Marine, Accident & Plate Glass Insurance Co., 9 Cir., 1913, 207 F. 757, 47 L.R.A., N.S., 1214. In this case the

circuit court of appeals held that the district court was in error in holding that the assured was required to give notice of the injury, by the terms of the policy, even before such assured itself had any notice of the injury. Such was the main point decided. The policy required immediate notice and the circuit court followed the well-established rule that this meant reasonable notice. The court outlined the terms of the policy with respect to the giving of notice, and so far as the report indicates the policy was devoid of any clauses providing that the time of giving the notice was of the essence of the contract, or was a condition upon which the policy was issued, or that the failure to give notice worked a forfeiture, or that the giving of the notice was a condition precedent. That it regarded the provision for giving notice as a mere condition subsequent entitled to consideration in determining what damage the insurer had suffered through lack of notice is evident from its reference to Victoria Stevedoring and General Contracting Co., Ltd. v. Australian Accident Insurance, etc. Co., 19 Victorian Law Reports 139. The policy in that case also, so far as the opinion indicates, was devoid of the conditions above mentioned, and the opinion treated the requirement for notice as a classic example of a condition subsequent.

The L.R.A., N.S., report of this case refers to the earlier annotation to Hope Spoke Co. v. Maryland Casualty Co., 102 Ark. 1, 143 S.W. 85, 38 L.R.A., N.S., 62 Ann.Cas.1914A, 268, and refers also to National Paper Box Co. v. Aetna Life Insurance Co., 170 Mo.App. 361, 156 S.W. 740, holding that the provision for notice is of the essence of the contract and that a breach will prevent a recovery, not on the ground of forfeiture but on the ground of nonperformance of a condition precedent. The case note in 38 L.R.A., N.S., 62 deals, for the most part, with the sufficiency of the notice given, but refers to Underwood Veneer Co. v. London Guarantee & Accident Co., 100 Wis. 378, 75 N.W. 996, which

held that the requirement for notice constituted a condition precedent which the insured was bound to perform in order to maintain an action on the policy even in the absence of a forfeiture clause. It also referred to Employer's Liability Assurance Corporation v. Light, Heat & Power Co., 28 Ind.App. 437, 63 N.E. 54, holding that the provision for immediate notice was of the essence of the contract.

In Gerber v. Fletcher, 108 Pa.Super. 226, 164 A. 135, failure to give "prompt" notice was held to defeat the cause of action against the insurer, even though the policy contained no clauses defining the effect of the failure to give notice. The court relied upon Trask v. State Fire & Marine Insurance Co., 29 Pa. 198, 72 Am. Dec. 622, "a leading case" which characterized the requirement for notice as "a contract condition of the defendants' liability."

In Decker v. Kolleda, 57 Ohio App. 442, 14 N.E.2d 417, the policy provision was that, "No suit or action on this policy * * * shall be sustainable in any court of law or equity, unless the assured shall have fully complied with all the foregoing requirements." There was a requirement for notice and the court held that compliance was a condition precedent to liability.

In Massachusetts Bonding & Insurance Co. v. Arizona Concrete Co., 47 Ariz. 420, 56 P.2d 188, 190, which is the main authority relied upon by respondent, a suit was filed against the assured some two months after the accident, and the insured six months later demanded of the insurance company that it defend. The trial was held two months later and judgment was rendered against the claimant and in favor of the insured, who then sued the insurance company, under the policy, for recovery of costs and attorney fees. The sole defense was plaintiff's failure to give "immediate" written notice. It is true that the court held against this defense in the absence of a showing that the insurance company was prejudiced by delay in giving the notice. But, referring to the

policy itself, the court said: "It did not, however, provide any specific penalty for a failure to give the notices above provided for." The court then quotes with approval as "the leading case in Arizona," Watson v. Ocean Accident & Guarantee Corp., 28 Ariz. 573, 238 P. 338, 340, a case also upon which heavy reliance is placed by respondent. But the quotation from that case recognizes the rule that "generally, though not in all jurisdictions, there can be no recovery when giving of the notice, in time and manner as specified in the policy, is made a condition precedent to liability." The court in the Watson case then says that it has carefully read the policy in that case but has found no provisions to bring it within the rule whereby recovery is barred by failure to perform a condition precedent. The court later refers to the requirement for notice as a condition subsequent. In other words, the Arizona Concrete Company case and the earlier Watson case in Arizona both applied the doctrine of lack of prejudice only by reason of the absence of clauses making the giving of notice a condition precedent. Consolidated Vultee Aircraft Corp. v. Smith, 63 Ariz. 331, 162 P.2d 425, is said by respondent to have followed the Arizona Concrete Company case. This is perhaps true, but there is no indication that the policy in Consolidated Vultee in any way defined the effect of the failure to give notice. It may be noted that all of these Arizona cases were under the Arizona Workmen's Compensation Act.

Respondent then states that the "Arizona rule" was declared in the federal court for the fifth circuit, in Missouri, Indiana, Washington and Nebraska. We proceed to examine the cases cited in support of that statement.

The first is Young v. Travelers Ins. Co., 5 Cir., 119 F.2d 877. This case does indeed apply the no prejudice rule, but no provisions of the policy are recited except the simple requirement to give notice, and we must presume the absence of such provisions.

The next case is St. Paul, etc. Co. v. United States Fidelity & Guaranty Co., 231 Mo.App. 613, 105 S.W.2d 14, said to have adopted the Arizona rule. In this case, however, the court definitely stated that the policy contained no clause for forfeiture by reason of the breach of the provisions requiring notice. It is also apparent from the wording of the opinion that the policy likewise contained no provisions constituting a compliance with the notice provisions, a condition precedent to liability. The court did indeed refer to National Paper Box Co. v. Aetna Life Insurance Co., 170 Mo.App. 361, 156 S.W. 740, which held that conditions of this character actually were conditions precedent, but said: "In doing so, the court by inference read into the policy a forfeiture clause which was not written therein." [231 Mo.App. 613, 105 S.W.2d 25.] The court then stated that Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 75 S.W. 1102, and numerous later Missouri opinions refused to follow the National Paper Box Company case and that the same was overruled. The opinion treats the lack of a clause declaring a *forfeiture* for noncompliance with notice requirements, as identical in effect with the lack of a clause declaring that compliance with notice requirements is a *condition precedent* to a right of recovery. While such treatment may not be precisely exact in its legal concept, there is, in a proper case, little if any difference in the effect upon the assured's right of recovery.

The case cited as following the Arizona rule in Indiana is Insurance Company of North America v. Brim, 111 Ind. 281, 12 N.E. 315, 317. In that case the court first disposed of some provisions of the policy as invalid by reason of the Indiana statutes. So far as concerns the provisions requiring notice, all we find is the statement: "There was a condition in the policy requiring that immediate notice should be given of any claim [to be] made thereunder." We must assume that there were no provisions declaring either a forfeiture or declaring that compliance with requirements for notice was a condition precedent. The mere statement that the policy contained "a condition" requiring immediate notice is insufficient

to enable us to conclude that it was a condition precedent, or that the condition was of the essence, or was anything more than a condition subsequent. It is said that the Arizona rule was followed by the federal court in John B. Stevens & Co. v. Frankfort Marine, Accident & Plate Glass Insurance Co., 9 Cir., 207 F. 757, 47 L.R.A., N.S., 1214. We have already discussed this case with particular reference to absence of clauses making it applicable here.

In Nebraska the Arizona rule is said to have been applied in George v. Aetna Casualty & Surety Co., 121 Neb. 647, 238 N.W. 36, 39, but in that case the court said: "The policy in the case at bar provided that the insured should give immediate notice of an accident, but a careful reading of the policy discloses that it contained no forfeiture clause," and refused to enforce the effect of failure to give notice which "amounts to a forfeiture" where "the policy does not provide for such a forfeiture." Under such condition it applied the lack of prejudice rule. Earlier Nebraska cases were referred to as holding that a forfeiture would not be declared in insurance cases "unless the contract specifically provides for such forfeiture." Haas v. Mutual Life Insurance Co., 84 Neb. 682, 121 N.W. 996, 26 L.R.A., N.S., 747, 19 Ann.Cas. 58; Hagelin v. Commonwealth Life Ins. Co., 106 Neb. 187, 183 N.W. 103.

Respondent has called the court's attention to a decision appearing in the advance sheets after the argument and submission of this case. It is Leach v. Farmer's Automobile Interinsurance Exchange, Idaho, 213 P.2d 920, 923, decided January 10, 1950, in which there was a delay in giving the notice required by the insurance policy but in which the trial court had found affirmatively that the company was not prejudiced by the failure. The supreme court of Idaho, citing many of the cases herein referred to, including the Arizona Concrete Company case and the California cases, as well as the A.L.R. annotations, says: "Violations of conditions by the assured will not release the insurer unless it is prejudiced by the violation." We have seen that

in the Arizona cases and the California cases and all others in which this rule is enunciated it did not appear that the policy contained clauses declaring a forfeiture or declaring that compliance with the notice requirements were conditions precedent to the right of action. In like manner all that we find in the Idaho case is the statement: "The policy also contained conditions requiring written notice of any accident 'as soon as practicable' and 'The insured shall cooperate with the Exchange and, upon the Exchange's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.'" We must place this case in the same category as others not containing the covenants here involved.

In addition to the Arizona Concrete Co. case the authority apparently most strongly relied upon by respondent as supporting the view that failure to give reasonable notice will not defeat a recovery in the absence of prejudice is Abrams v. American Fidelity & Casualty Co., Cal.App., 186 P.2d 999, affirmed 32 Cal.2d 233, 195 P.2d 797. Respondent says that the holding in that case is that the failure to give notice "merely gives rise to a rebuttable presumption of substantial prejudice, and where the presumption is overcome by competent evidence, the insured is allowed to recover. * * * The Abrams case * * * is about the clearest statement of law on this subject. This case reviews and distinguishes most of the major authorities on the subject." In the first place the opinion by the California Supreme Court, 32 Cal.2d 233, 195 P.2d 797, reviews only the California cases. Not a single case from another jurisdiction is reviewed or distinguished. This is likewise true with respect to the opinion of the district court of appeal in 186 P.2d 999. In the second place the court recognizes the general rule that a recovery may be precluded where compliance with a requirement for notice is made a condition precedent to recovery, saying [32 Cal.2d 233, 195 P.2d 799]: "Generally speaking,

provisions tending to defeat the main object of the contract are not to be implied. (See 29 Am.Jur. 180, et seq., § 166.) Likewise, while a requirement for notice can be made a condition precedent to recovery, in which event, in the absence of waiver or estoppel, failure of the insured to give the notice may defeat recovery on the policy (Aronson v. Frankfurt, etc., Ins. Co., 1908, 9 Cal.App. 473, 99 P. 537; see also 29 Am.Jur. 828, § 1105), it is also said that unless such a requirement 'is made a condition precedent or a forfeiture is provided for, the failure to give notice * * * will not defeat recovery.' (29 Am.Jur. 825, § 1100.)"

In the third place the insurance contract in the Abrams case did not contain the covenant in the instant case making compliance a condition precedent and issuing the insurance subject to the performance of the requirement for notice.

It would be without purpose for us to discuss the two conflicting lines of cases involving policies which are entirely lacking in a forfeiture clause or a clause making compliance with notice requirements a condition precedent. In view of the express provisions in the present policy we may likewise avoid a discussion of the cases which hold that requirements for immediate notice are, by reason of the very nature of the indemnity, of the essence of the contract, and that compliance is accordingly to be held a condition precedent. We do not however ignore the persuasiveness of these cases or the logic of those opinions. See e. g. Sherwood Ice Co. v. United States Casualty Co., 40 R.I. 268, 100 A. 572.

In the instant case, as heretofore noted, the insurer issued the insurance "in consideration of the payment of the premiums * * * and subject to the * * * conditions and other terms" of the policy. Under the caption of "conditions" it was provided that written notice be given to the insurer as soon as practicable upon the occurrence of an accident, which notice was required to contain sundry particulars as to names, times, places, circumstances, etc. It was further provided that in the

event of suit against the insured, he should immediately forward to the insurer summons and other process received by him. It was also provided: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this insurance. * * *"

We may at this point also eliminate consideration of the conflicting cases holding or refusing to hold that compliance with the notice requirement became a condition precedent solely by reason of the recital that the insurance was written in consideration of the performance of the "conditions" or "subject to" the conditions. But when we come to the consideration of the effect of the inclusion of the clause that the performance of the conditions is a condition precedent to the right of action against the insurer, we find the authorities overwhelmingly in favor of giving full recognition to such provision, in which case the presence or absence of prejudice resulting from a delay in giving notice becomes immaterial. It is unnecessary to digest or even to list all of the cases so holding. The effect of the failure to perform such condition precedent is described in varying language. Thus we find such expressions as that the failure "constitutes good ground for the forfeiture of the indemnity"; that by the failure to comply the assured had "forfeited his right to rely on the policy"; that the assured was bound to give the required notice "if it wanted to save the policy"; that the failure "released defendant;" that the assured, by reason of the failure, was "relieved from liability"; that the failure was "a bar to recovery"; that by reason of the failure the insurer "ceased to be liable"; that the failure was "fatal to a recovery" on the policy; that compliance was necessary "in order to maintain an action" upon the policy (the writer of the annotation at page 188 of 76 A.L.R., at which place most of the cases to that date have been gathered, says: "And certainly a failure to give the 'immediate' notice of action required by clause will prevent a recovery where the policy expressly states that

'this insurance is subject to the following conditions, which are to be construed as conditions precedent of this contract.' ") ; that the failure to give the required notice "defeats the policy in respect of the accident"; that in case of failure "there can be no recovery on the policy"; that the failure "prevented any liability from attaching"; that a compliance "is indispensable to fix liability"; that the provision "must be complied with before recovery can be had."

Thus we see that while terms of great variety are used in defining the effect of a failure to give notice, when the same is defined by the policy as a condition precedent, they lead to precisely the same result.

We may say frankly that upon our first reading of the briefs prior to argument and at the conclusion of the argument, we were strongly impressed with the cases presented to the effect that right of recovery under the policy would not be barred by failure to give timely notice, unless the insurer had been prejudiced by such failure. The arguments in favor of such rule seemed plausible and the rule itself appeared neither unfair nor inequitable, especially if it were coupled with the rule adopted in some jurisdictions that prejudice would be presumed and that burden of proof be upon the insured to overcome such presumption by a proper showing. As we have seen however, a careful consideration of the cases shows that in no case so holding did the policy contain a clause to the effect that the compliance with the requirements for notice was a condition precedent to recovery. It would be presumptuous on our part to establish a rule of law in this state which departs from the overwhelming majority of decisions throughout the United States.

■ We may concede for the purpose of argument, without so holding, that the delay of some ten of the fourteen months in giving notice of the accident, was excused by the fact that respondent had no intimation that liability on his part would be claimed. But the delay of almost four months in giving notice to appellant

company that respondent had been sued, and in sending appellant copies of the summons, complaint, etc., cannot be said to be a compliance with the requirement that this be done immediately—giving full recognition to the well-established rule that this does not mean without lapse of any time whatsoever, but within a reasonable time under the circumstances. Nor was the delay excused by the fact that respondent thought that his policy had lapsed and that he was insured in another company. Sherwood Ice Co. v. U. S. Casualty Co., 40 R.I. 268, 100 A. 572; Jefferson Realty Co. v. Employers' Liability Assurance Corporation, 149 Ky. 741, 149 S.W. 1011.

■ Some states have enacted legislation to the effect that any clauses in a policy providing for a notice of less than twenty days, of the occurrence of an accident, shall be invalid. See sec. 2633a, Cal. civil code, now insurance code, sec. 551, as quoted in Abrams v. American Fidelity & Casualty Co., 32 Cal.2d 233, 195 P.2d 797. Perhaps legislation is in order declaring invalid, clauses in an indemnity policy avoiding or forfeiting the indemnity on account of failure to comply with notice provisions unless coupled with the fact that such failure was prejudicial to the insurance company, and with possible further provisions as to presumptions, burden of proof, etc. This of course is a matter for the good judgment of the legislature if it is thought that adherence to the present rule is too harsh in its effects. As against this is the reasoning applied by the court in a number of cases. See Anno. 76 A.L.R. at page 183. "In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real defendant in a law suit against the insured, * * * to be speedily informed of all the facts and witnesses concerning a possible litigation. In a very little time the facts may in a great measure fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and, more dangerous than all,

fraud and cupidity may have had opportunity to perfect their work. Therefore, this stipulation is vital to the contract." It is a well-known fact that the great increase in automobile accidents has led in recent years to material increases in premium rates for indemnity insurance, and it may well be that legislation, which might in its effect increase the insurance risk, would at the same time result in the necessity for further increase in rates. But consideration of these matters is rather for the legislature, within the constitutional limit of its powers.

■ By reason of the overwhelming weight of authority of the courts of last resort within the United States, we are compelled to hold that on account of the respondent's failure to perform the condition precedent, stipulated in the policy as such, of giving notice of the suit and forwarding summons and complaint within a reasonable time, no action on his part lay against the company. Lack of prejudice, under the terms of the policy, was immaterial.

The judgment of the district court is reversed with costs and the case is remanded with directions to enter judgment for the defendant.

HORSEY, C. J., and EATHER, J., concur.