**GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Limited, Plaintiff,**

**v.**

**William PROSSER, Sophie Prosser, Sam McDowell, and Sean McDowell, a minor child, Defendants.**

**Civ. No. A-28-63.**

United States District Court
D. Alaska.

March 24, 1965.

Hugh G. Wade, Wade & Conway, Anchorage, Alaska, for plaintiff.

Robert C. Erwin, Hughes, Thorsness & Lowe, Anchorage, Alaska, for defendants Prossers.

Peter B. Walton, Connolly & Walton, Anchorage, Alaska, for defendants McDowells.

PLUMMER, District Judge.

General Accident Fire and Life Assurance Corporation, Ltd. (hereinafter referred to as General), proceeding under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, has brought suit against William Prosser, Sophie Prosser, Sam McDowell and Sean McDowell, a minor child, seeking a declaration that policy MCS 797542 issued by General does not provide coverage to the Prossers in connection with an action pending in the Superior Court for the State of Alaska, and that General be discharged from responsibility to defend the state court action. The present suit is predicated on General's contention that the Prossers have failed, as required by the policy, to give notice of an accident which occurred on April 28, 1961, out of which the pending state court action arose.

Jurisdiction is based upon diversity of citizenship, 28 U.S.C.A. § 1332.

█ General, pursuant to Rule 56, Federal Rules of Civil Procedure, has moved for summary judgment. The

question as to whether the notice was given in proper time and the question as to whether prejudice resulted from the delay are generally questions of fact. However, where the facts as asserted by the assured are such that, if established, there could be no recovery; or where the undisputed facts are such that would preclude the assured's recovery, then the question becomes one of law for determination of the court and a proper matter for disposition by summary judgment. Greyhound Corporation v. Excess Insurance Company of America, 233 F.2d 630 (5th Cir. 1956).

Policy No. MCS 797542 issued by General was a renewal of policy No. MCS 791313, for the policy period from May 6, 1960 to May 6, 1961. The declarations attached to the policy recite that the named insured is William Prosser dba Prosser Excavating Company and that the named insured is an individual.

The policy provides in part as follows:

"[General] agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

  \*   \*   \*   \*   \*   \*   \*   \*   \*

"Conditions

  \*   \*   \*   \*   \*   \*   \*   \*   \*

"9.   Notice of Accident   When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. \* \* \* \*

  \*   \*   \*   \*   \*   \*   \*   \*   \*

"13.   Action Against Company   No action shall lie against the Coverages A, B and D   company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, \* \* \*"

---

The defendants William and Sophie Prosser contend that plaintiff's motion for summary judgment should not be granted by reason of the following asserted genuine issues of fact:

1. Whether the Prossers acted as reasonable people in failing to notify their insurance company of an accident on their property when they thought the injury suffered was inconsequential.

2. Whether the Prossers acted as reasonable people in failing to notify their insurance company of an accident on their property because they did not think they were covered by insurance.

3. Whether the Prossers acted as reasonable people in failing to notify their insurance company of an accident on their property where they felt they were not liable for such accident.

4. Was the notice to General as soon as practicable under the circumstances of this case.

5. Was General prejudiced by the failure of William and/or Sophie Prosser to notify them for approximately 23 months after the accident.

The depositions of William and Sophie Prosser taken on March 5, 1965, establish that on April 28, 1961, as Mr. Prosser was coming out of his garage he heard a child scream. He rushed over to where a little boy 2 or 3 years of age was lying under an airplane tire which weighed

between 50 and 60 pounds. The child was crying pretty loud but didn't seem to be hurt. It was hard to tell. He did not then move the child because he could have been hurt. Dr. Crawford had his office and residence next door to the premises owned by Prosser. Before moving the child he went over to Crawfords and Mrs. Crawford, who was a nurse, came over. She looked at the boy and told Prosser to take him to the doctor's office and this was done.

On the day of the accident he was told by Dr. Crawford that the boy's mother had come in before he had completed his examination and had told him she preferred to take the boy to her own doctor. He told Prosser not to worry about it, that the boy wasn't hurt seriously as far as he could see. Approximately a month later Dr. Crawford told him that the boy had a dislocated hip, or something like that. That Dr. Mills was treating him at that time but that it wasn't serious. Prosser had heard quite a lot about Dr. Mills and knew he was an orthopedic specialist.

He didn't think the accident was serious. He had never seen the child's parents and made no inquiry of them concerning the child. He didn't offer to pay the hospital bills and no one contacted him about anything like that. He made no efforts to contact the parents or to inquire of them.

Prosser was told by Dr. Crawford on two occasions that the boy had been injured but that as far as he could see it wasn't serious. The only reason that Prosser did not have knowledge of the seriousness of the boy's injuries was simply that he did nothing to ascertain this fact.

Prosser knew about the liability policy that he had but he didn't know it covered the accident. The only reason Prosser did not have this knowledge is the simple fact that for approximately 23 months he did nothing to determine this and apparently didn't even bother to read the policy. The language of the pertinent provisions of the policy is really quite simple. The declarations show Coverage A, Bodily Injury Liability, $50,-000.00 each person, $100,000.00 each accident for premises—operations. In addition, the insuring agreement contained in the policy plainly reads as follows:

"I   Coverage A—Bodily Injury Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

\*       \*       \*       \*       \*

"Definition of Hazards
"Division 1—Premises—Operations
The ownership, maintenance or use of premises, and all operations."

At the time of the accident Prosser thought he was responsible for the accident. At page 26 of his deposition the following questions and answers appear:

"Q.   Sir, did you think at that time sir that you were responsible for the accident when one little boy pushed the tire over on the other boy?

"A.   Yes.

"Q.   Would you explain this?

"A.   Well, I know about the law that you're responsible for any accident on your property is the way I understood it. \*  \*  \*"

Even if all the facts asserted by the insured in the case at hand were established, there could be no recovery against General. The undisputed facts show that no notice was given to General until approximately 23 months after the accident. This delay was imprudent, unreasonable and inexcusable. Prosser, the insured, did not give the required notice "as soon as practicable". Fireman's Fund Indemnity Co. v. Kennedy, 97 F.2d 882 (9th Cir. 1938); Lee v. Bituminous Casualty Co., 330 F.2d 514 (5th Cir. 1964); Yorkshire Indem. Co. of New York v. Roosth & Genecov Production

Co., 252 F.2d 650 (5th Cir. 1958); Greyhound Corporation v. Excess Insurance Company of America, supra; Preferred Acc. Ins. Co. of New York v. Castellano, 148 F.2d 761 (2d Cir. 1945); Zauderer v. Continental Cas. Co., 140 F.2d 211 (2d Cir. 1944); Dunn v. Travelers Indemnity Co., 123 F.2d 710 (5th Cir. 1941); St. Louis Architectural Iron Co. v. New Amsterdam Cas. Co., 40 F.2d 344 (8th Cir. 1930).

■ Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416 (1932).

■ There is no ambiguity in the terms of the policy involved in this case. Where, as here, the policy in express terms makes the giving of notice a condition precedent, the insurer is not required to show prejudice and a failure to comply with the terms and conditions of the policy will bar recovery. Fireman's Fund Indemnity Co. v. Kennedy, supra; Hartford Accident & Indem. Co. v. Lochmandy Buick Sales, Inc., 302 F.2d 565 (7th Cir. 1962); Preferred Acc. Ins. Co. of New York v. Castellano, supra; St. Louis Architectural Iron Co. v. New Amsterdam Cas. Co., supra; State Farm Mut. Auto Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 18 A.L.R.2d 431 (1950).

On April 4, 1963, one year, eleven months and four days after the accident, a letter containing notice of the accident was mailed to General. On April 26, 1963, twenty-two days after notice was mailed, a suit, arising out of the accident was filed in the state superior court. The complaint in that action was verified by defendant Sam McDowell and was signed by his attorney. The attorney's signature constitutes a certificate that he had read the pleading and that to the best of his knowledge, information and belief there was good ground to support it. Rule 11, Federal Rules of Civil Procedure. Shortly after General received notice of the accident counsel for the defendants McDowells had ostensibly completed their investigation and were prepared to support an action demanding $75,000.00 in compensatory damages for injuries that were severe and permanent and for $1,200.00 for medical treatment to the date of the filing of the complaint.

■■ Prompt notice of an accident is of great importance in preparing a defense while the happening is still in the minds of witnesses and the facts may be more readily and accurately ascertained. Fireman's Fund Indemnity Co. v. Kennedy, supra. It is a matter of common knowledge that memory dims with the passage of time and that the strength of memory of an event is ordinarily in proportion to its recency. Assuming that all witnesses were readily available two years after the accident, General would nevertheless be prejudiced by the inability of the witnesses to remember the facts of the accident as clearly then as they could have at the time of the accident or shortly thereafter.

The policy affords General the right to make such investigation, negotiation and settlement of any claim or suit as it may deem expedient. As a result of the insured's conduct this right was nullified.

■ Prejudice in this case need not be presumed or considered to be immaterial. The fact that General was precluded from making its investigation at a time when the facts were clearly in the minds of the witnesses and was precluded from endeavoring to negotiate a settlement prior to the institution of suit clearly demonstrates that General was, in fact, prejudiced.

The pleadings, depositions, responses to admissions on file, together with the affidavits, show there is no genuine issue as to any material fact. Plaintiff is entitled to summary judgment as a matter of law.