# Schambelan *v.* Preferred Accident Insurance Co., Appellant.

*Insurance—Liability insurance—Notice of accident—Notice of claim.*

Where a policy of liability insurance provides that "the assured upon the occurrence of an accident shall give immediate written notice thereof with the fullest information obtainable" to the company, and that "if claim is made on account of such accident the assured shall give like notice thereof;" the assured is not barred from recovery upon the policy by the fact that he did not give immediate notice of the accident, where it appears that he had no knowledge of a person injured therein, and he gives immediate notice as soon as he hears that a person was injured and that a claim was made.

Argued Nov. 24, 1915.  Appeal, No. 287, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., May T., 1914, No. 340, on case tried by the court without a jury in suit of Morris Schambelan v. Preferred Accident Ins. Co. of New York.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit on a policy of liability insurance.

The case was tried without a jury by CRANE, J., who filed the following opinion:

The issues involved in this case can best be understood and disposed of by presenting a schedule of the facts in evidence in their chronological order.

On February 21, 1913, defendant issued to plaintiff its Teams Liability Policy No. LD 40312, insuring the said plaintiff for the period of one year from March 2, 1913, against loss resulting from claims made upon the plaintiff, for damages on account of bodily injuries, suffered through an accident occurring during the term of the policy by any person or persons, by reason of the ownership, maintenance or use of any vehicle, draught or driv-

ing animal while in charge of the assured or his employees; on January 1, 1914, a team belonging to plaintiff and driven by one of his employees, collided with a trolley car operated by the Philadelphia Rapid Transit Company at the intersection of Second and Walnut streets and as a result thereof one Jennie Colmar a passenger in said trolley car was injured; on the same date plaintiff was informed of this accident, investigated the same but acquired no knowledge that any one was injured; on February 2, 1914, plaintiff received two letters, one from the Philadelphia Rapid Transit Company, dated January 12, 1914, notifying plaintiff of the claim of Jennie Colmar arising out of the collision of January 1st; the other letter was from the attorney representing the injured passenger presenting her claim for damages; on the same date (February 2, 1914) plaintiff transmitted both of the aforesaid communications to his insurance broker who forthwith delivered same to defendant's duly authorized agent in Philadelphia. Thereafter suit was instituted in the Municipal Court as of February Term, No. 278, by Jennie Colmar and David Colmar her husband against the plaintiff, which resulted in a verdict for the plaintiffs therein in the sum of $394.65.

The present action was brought by the plaintiff to recover the amount of said verdict together with the expenses incidental thereto, which resulted in a verdict in favor of the plaintiff for $511.35.

Defendant in support of his motion for judgment non obstante veredicto directs the attention of the court to clause B of the policy in suit which provides, inter alia, that, "The assured upon the occurrence of an accident shall give immediate written notice thereof with the fullest information obtainable at the time to the company's home office at New York, N. Y., or to its duly authorized agent," and that, "If a claim is made on account of such accident the assured shall give like notice thereof." Defendant contends that the clause quoted imposes a dual obligation upon the plaintiff, (a) imme-

diate notice of the occurrence of an accident, (b) immediate notice of a claim made on account thereof; that inasmuch as plaintiff admitted knowledge of the occurrence of the accident on January 1, 1914, and did not give notice thereof to defendant until February 2, 1914, he has failed to comply with the provisions of his contract as a consequence of which judgment should be entered in favor of the defendant non obstante veredicto.

Borrowing the language employed by Mr. Chief Justice PAXSON in the case of Peoples Mutual Accident Association v. Smith, 126 Pa. 317, "It is our duty to give the policy in question a fair, businesslike, common sense interpretation." Although the plaintiff did possess knowledge of the occurrence of the accident on January 1, 1914, he had no knowledge of the fact that Jennie Colmar had been injured therein until the receipt of the two letters above referred to, one from her attorney and the other from the Philadelphia Rapid Transit Company, whereupon he forthwith gave notice to the defendant company. Defendant's counsel frankly admitted upon the argument of his motions that he was unable to cite any Pennsylvania authorities requiring notice to be given of an accident in the absence of any knowledge of a claim arising therefrom. Defendant urges, however, that a proper interpretation of the clause quoted requires the plaintiff to give immediate notice of the accident as well as any claim incidental thereto, upon the theory that the facilities at the disposal of the defendant company would have enabled them to make a more thorough investigation of the accident with the probability that they would have ascertained the fact of the injuries received by Jennie Colmar. This reasoning while somewhat persuasive is not altogether convincing and in our judgment, "a fair, businesslike, and common sense interpretation" of the policy would not require notice of every accident whereupon investigation by the assured no injuries were discovered out of which any liabilities could arise. The record discloses the fact that as soon as

plaintiff was apprised of the injuries to Jennie Colmar resulting from the accident of January 1, 1914, and the claim made by her on that account he immediately gave notice to defendant as required by the terms of the policy.

In the case of Peoples Mutual Accident Association v. Smith, supra, the accident occurred on September 4, 1887, and formal notice to the company was given on October 1st. The policy forming the basis of that suit likewise required immediate notice to be given of the occurrence of the accident. The Supreme Court held, however, that the word "immediate" in the contract "must be construed to mean within a reasonable time thereafter, under all the facts and circumstances of the case, and what is a reasonable time must be decided by the jury unless the delay has been so great that the court may rule it as a question of law," and that, "We cannot undertake to say, as a matter of law, that the written notice mailed on October 1st was not an immediate notice under the circumstances, on a reasonable construction of this provision." This doctrine was approved and followed in the case of Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456, in which case the court said, "Undoubtedly the obligation of the contract required the insured to give prompt notice of his illness but it cannot be held that the word 'immediate' is to be understood in its strict sense. The parties must have known that it would ordinarily be impossible to give such notice without the lapse of an appreciable period of time."...... "The insurer did not expect the impossible. What the parties contracted for was that notice should be given within a reasonable time under the circumstances of the particular case," and further, "What is a reasonable time under the special facts is a question for the jury unless the delay has been so great that the court may with confidence decide the question as one of law."

A careful review of the American cases pertinent to the issue here involved will be found in the foot notes of

Lawyers' Reports Annotated, Volume 18 (new series) at page 109 et seq.

In the case of Western Commercial Travelers Assn. v. Smith, 56 U. S. App. 393, where there was a provision that immediate notice of an accident should be given, and that failure to give such notice should invalidate all claims, it was held that the beneficiary was not bound to give notice before she knew whether or not her claim would ever come into existence, and a notice given immediately after the death of the insured was held sufficient although the accident causing the death occurred some time before.

The consensus of judicial opinion we find to be that contracts of the class in suit should be liberally construed and that notice given within a reasonable time under the circumstances of the particular case is a sufficient compliance with a requirement for immediate notice or even notice within a specified time, and that unless the lapse of time between the occurrence of an accident and the notice thereof is of such duration as would justify the court in disposing of the issue as a matter of law it should be submitted to a jury for proper determination.

The jury in the case at bar having determined by their verdict that plaintiff, upon receiving knowledge of personal injuries sustained in the accident of January 1, 1914, and claim made therefor, gave immediate notice under all the circumstances, we are conscious of no legal reason why same should be disturbed.

We have carefully considered the depositions taken by defendant sur motion for new trial. Assuming, arguendo, the truth of the testimony of the three witnesses produced, these witnesses were all available on the date of the trial and their testimony was in no sense after discovered evidence; moreover, had the letter of January 12th been duly posted it nevertheless appears that the plaintiff's name was misspelled therein which may have accounted for the delay in its delivery. Had the plain-

tiff received the letter in due course on the 13th of January the case of Peoples Mutual Accident Assn. v. Smith, supra, would still be applicable.

For the above reasons defendant's motions are both dismissed.

*Error assigned* was in entering judgment for plaintiff for $511.35.

*Harry S. Ambler, Jr.,* with him *D. Clare Good* and *Ardemus Stewart,* for appellant.—Under the terms of the policy in suit, it was the duty of the plaintiff to give the defendant company immediate written notice of the happening of the accident in respect of which this suit was brought, even though no claim was made on account of that accident until a month thereafter: Trask v. State Fire & Marine Ins. Co., 29 Pa. 198; Welsh v. London Assurance Corporation, 151 Pa. 607; Dunshee v. Travelers Ins. Co., 25 Pa. Superior Ct. 559; Western Commercial Travelers' Assn. v. Smith, 85 Fed. Rep. 401.

The notice given by the plaintiff, a month after the accident, was not the immediate written notice required by the policy, and therefore did not constitute a compliance with the policy, and the plaintiff was not entitled to recover: Ward v. Maryland Casualty Co., 51 Atl. Rep. 900; Fidelity & Deposit Co. of Maryland v. Courtney, 186 U. S. 342; Myers v. Maryland Casualty Co., 101 S. W. Rep. 124; Whalen v. Western Assurance Co., 185 Fed. Rep. 490; Foster v. Fidelity & Casualty Co., 40 L. R. A. 833; Smith & Dove Mfg. Co. v. Travelers Ins. Co., 171 Mass. 357; Rooney v. Maryland Casualty Co., 67 N. E. Rep. 882; Peoples Accident Assn. v. Smith, 126 Pa. 317.

*Maurice W. Sloan,* for appellee, cited: Peoples Mut. Accident Assn. v. Smith, 126 Pa. 317; Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456; Western Commercial Travelers' Assn. v. Smith, 56 U. S. App. 393.

SCHAMBELÁN *v.* PREFERRED A. INS. CO., Appel. 451

445, (1916).]     Opinion of Court below.

PER CURIAM, March 16, 1916:

A careful consideration of the record in this case with the exhaustive and convincing opinion filed by Judge CRANE, has led us to the conclusion that the facts found by him, and the legal deductions flowing therefrom, fully warranted his refusal to grant a new trial or enter a judgment non obstante veredicto for the defendant.

The cases of Bartels B. Co. v. Employers I. Co., 251 Pa. 63, and Curran v. National Life Ins. Co., 251 Pa. 420, are not in conflict with those cited in the opinion of the court.   The record discloses the fact that as soon as the plaintiff herein was apprised of the injuries to Jennie Colmar, resulting from the accident of Jan. 1, 1914, and the claim made by her on that account, he immediately gave notice to the defendant, as required by the terms of the policy.

The judgment is affirmed.