**Alan M. BORISH t/a Bala Inn and Mary Thornton**

v.

**BRITAMCO UNDERWRITERS, INC.**

**Civ. A. No. 94–CV–4272.**

United States District Court, E.D. Pennsylvania.

Nov. 18, 1994.

---

**317**

Alan Klein, David L. Hyman, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, PA, for plaintiff Alan M. Borish.

Joseph P. Zawrotny, Joseph P. Zawrotny, P.C., Philadelphia, PA, for plaintiff Mary Thornton.

John R. O'Donnell, Lisa B. Wershaw, Zarwin & Baum, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Before this Court today is Defendant's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990).

In ruling upon such a motion, the Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). The parties agree that the facts in this case are undisputed and that Pennsylvania law applies to the substantive issues.

In February, 1989, Plaintiff Alan Borish, Bala Tavern, Inc. t/a Bala Tavern (Bala) purchased a "claims-made" insurance policy from Britamco Underwriters, Inc. (Company). This policy had a retroactive date of February 15, 1987 and an expiration date of February 15, 1990. The policy covered Bala from claims made against it "provided the injury occurs after the retroactive date shown on the policy declarations and the claim is first made during the policy period and that written notice of the claim is reported to the company during the policy period." Policy at § 1. In the event the policy was canceled or was not renewed, "an extension of coverage [wa]s granted as respects a claim or claims which may be made against the insured and reported in writing to the company during a period of 60 days after cancellation or expiration of the policy, but only if the injury occurred after the retroactive date and prior to the effective date of cancellation or prior to the expiration date." *Id.* at § VIII, ¶ 13.

On June 24, 1989, Mary Thornton was severely injured while a passenger in an uninsured car driven by a person that she alleges was sold and/or provided with alcohol by Bala when he was visibly intoxicated. On October 11, 1989 the Company canceled Bala's insurance policy for non-payment of premiums. According to the policy, this gave Bala 60 days, or until December 11, 1989, to notify the Company of any claims made during the policy term.

In July, 1991, Thornton sued Bala for the injuries she suffered in the June, 1989 accident. In September, 1991, Bala first notified the Company of the claim made against it. The Company has refused to cover the claim on the ground that it is not covered by the policy.

A claims-made policy is an insurance policy that " 'protects the holder only against claims made during the life of the policy.' " *Bensalem Township v. Western World Ins. Co.*, 609 F.Supp. 1343, 1346 n. 2 (E.D.Pa.1985) (quoting *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 535 n. 3, 98 S.Ct. 2923, 2926 n. 3, 57 L.Ed.2d 932 (1978)); *Bolden v. Niagara Fire Ins. Co.*, 814 F.Supp. 444, 445 (E.D.Pa.); *aff'd*, 8 F.3d 810 (3d Cir.1993). This is in contrast to an "occurrence" policy, which " 'protects the policyholder from liability for any act done while the policy is in effect.' " *Bensalem*, 609 F.Supp. at 1346 n. 2.

The Company argues that Bala does not state a claim upon which relief may be granted because the relevant claim was not made within the policy's term, and because it was not notified of the claim within the policy's term or its 60–day extension period.

Plaintiffs make four main arguments to support coverage. First, that the policy provides an absolute duty to insure against suits brought against the policy holder regardless of notification. Second, that the policy is ambiguous, and therefore must be construed against its drafter. Third, that the failure to timely notify the Company can be excused. Fourth, that the Company has not shown prejudice to it from the lack of notification. We address each argument in turn.

First, Plaintiffs argue that there is an independent duty of the Company to insure Bala against suits brought in the United States or Canada. Section V of the policy reads:

This insurance applies only to claims first made and reported to the company in writing within the policy period shown on the declaration page of the policy or such shorter period as will exist in the event of cancellation or termination of the policy.

The obligation of the company hereunder shall only apply to claims made or suit brought against an Insured in the United States, its territories and possessions or Canada.

Plaintiffs argue that Bala must be defended against Thornton's suit because that suit was brought in the Philadelphia Court of Common Pleas. "Hence," Plaintiffs argue, "Britamco should be compelled to defend [the state action] since this obligation arises independently of the notice requirements set forth in the 'claims made' Policy."

We do not agree. Section V's reference to suits brought is in the context of a geographic limitation. The reference does not create additional rights. The policy at issue is a claims-made policy. This is stated in capital letters on both the declarations page and the first page of the policy, and in lower case letters elsewhere in the policy. If we read Section V the way Plaintiffs encourage us to, the policy is converted into an occurrence policy. We decline to give Bala a policy it did not purchase.

Plaintiffs' second argument is that the policy is ambiguous and must be construed in their favor. In Pennsylvania, an insurance contract must be interpreted in accordance with the language of the policy. *Houghton v. American Guar. Life Ins. Co.*, 692 F.2d 289, 291 (3d Cir.1982) (citing cases). If the language is "clear and unambiguous, courts are to give effect to its plain and ordinary meaning." *Id.* If there is an ambiguity in the policy, the ambiguity must be construed against the insurer, tending to provide coverage. *Id.* A court may not "torture" the language of a policy to "create ambiguities where none exist."

Plaintiffs argue that the conflict between an absolute duty to defend suits brought and a limited duty to defend claims made creates an ambiguity. As discussed above, we do not find an independent duty to defend against all suits brought, and so find that there is no ambiguity on this point.

Plaintiffs argue further that the policy states that in the event a policy holder becomes aware that a party intends to hold the holder responsible for an injury, or if the holder becomes aware of an incident that could subsequently give rise to a claim, the holder must notify the Company. However, the policy does not define the terms "claim" or "notice" and therefore, Plaintiffs argue, the parties' rights and responsibilities are in conflict and ambiguous. Although the terms "claim" and "notice" are not defined in the policy, we do not find that that fact creates inherent ambiguity in their meaning or makes the policy ambiguous. Courts give undefined contract terms their common meaning. 692 F.Supp. at 291. The terms "claim" and "notice" are standard terms, and Plaintiffs have not demonstrated any confusion concerning their meaning. Accordingly, the contract is not ambiguous.

Plaintiffs' third major argument is that their failure to timely notify the Company of the claim made is excusable. They argue that they had no knowledge of the claim by the end of the policy, and therefore, could not possibly have timely notified the Company of the claim.[1] We find that even if we excused Bala from the notification requirements, it is still not covered by the policy. The policy expressly is limited to claims "first made during the policy period" or within the sixty-day extension period. Policy at § 1 & § 8, ¶ 13. Accordingly, because Thornton's claim was not made within the life of the policy, her claim is not covered by it.

Plaintiffs' last argument is that in Pennsylvania, a court must find that an insurance company has been prejudiced before it can deny coverage based on failure to notify. This doctrine stems from *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193 (1977). That case held that with an automobile liability occurrence policy, failure to timely notify the insurance company of the occurrence giving rise to coverage was not fatal if the insurance company was not prejudiced by the delayed notification. *Id.* at 76–77, 371 A.2d at 198.

To date, no Pennsylvania appellate court has addressed the issue of whether *Brakeman* applies to a claims-made policy.[2] The federal courts have, however. In 1984, the Middle District of Pennsylvania held that an occurrence policy and a claims-made policy were materially different,[3] and held that the considerations that influenced the Pennsylvania Supreme Court in *Brakeman* did not exist in a claims-made policy. *City of Harrisburg v. International Surplus Lines Ins. Co.*, 596 F.Supp. 954 (M.D.Pa.1984), *aff'd* 770 F.2d 1067 (3d Cir.1985). Accordingly, it held that an insurance company need not show prejudice when there has been a failure to comply with notice provisions in a claims-made policy. *Id.* at 962. Since then, that reasoning has been adopted in this District. *Clemente v. Home Ins. Co.*, 791 F.Supp. 118, 120 (E.D.Pa.1992) *aff'd*, 981 F.2d 1246 (3rd Cir.1992); *Employers Reins. Corp. v. Sarris*, 746 F.Supp. 560, 564 (E.D.Pa.1990).

Plaintiff argues that because a Pennsylvania appellate court has not ruled on this question, that we should extend *Brakeman* to

---

1. This argument appears meritless under the holding in *Bolden*, 814 F.Supp. at 448. However, because Plaintiffs attempt to distinguish *Bolden* on its facts and because we resolve this point on different grounds, we need not rely on *Bolden*.

2. Plaintiffs cite a 1916 Pennsylvania Superior Court case for the proposition that notification requirements in insurance contracts should be liberally construed. *Schambelan v. Preferred A. Ins. Co.*, 62 Pa.Super. 445, 449 (1916). They argue that this case controls the issue before this Court. We disagree, because *Schambelan* was decided before claims-made policies were creat-

ed, and so does not affect *City of Harrisburg's* resolution of the competing public policy considerations in occurrence and claims-made policies.

3. The Court held, among other things, that a claims-made policy is not one of adhesion because the holder could have chosen to purchase an occurrence policy. It held further that the holder does not get less than what they paid for if coverage is denied, because generally claims-made policies are less expensive than occurrence policies. *Id.* at 962.

**320**

apply to claims-made policies. Plaintiff also attempts to distinguish the federal cases from this case on the ground that in those cases the policy holders all knew of the claims during the policy period, but did not timely report them. This factual distinction does not persuade this Court to depart from the reasoning of its brethren. Whether the policy holders in the other federal cases had notice of a claim does not lessen the fact that claims-made policies are very different from occurrence policies, which warrants different treatment by the courts. *City of Harrisburg,* 596 F.Supp. at 961. Accordingly, we do not apply *Brakeman* to this claims-made policy.

In conclusion, we find that Thornton's claim was not brought during the life of the policy, nor was the Company timely notified of her claim. Accordingly, we hold that the claims-made policy here does not cover the claims asserted by Thornton against Bala.